

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| KENNETH S. MAJORS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 8:04-22432-HFF-BHH |
| | § |
| PHILLIP THOMPSON, THOMAS FOX, and | § |
| DEBORAH HIPP, | § |
| | § |
| Defendants. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT THOMPSON AND DEFENDANT FOX, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT HIPP, AND GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR APPOINTMENT OF COUNSEL

**I.     INTRODUCTION**

This is a Section 1983 action. Plaintiff is presently proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Defendants' Motion for Summary Judgment as to Defendant Thompson and Defendant Fox and deny Defendants' Motion for Summary Judgment as to Defendant Hipp. The Magistrate Judge also recommends that Plaintiff's Motion for Reconsideration of his Motion for Appointment of Counsel be granted and counsel be appointed to represent Plaintiff in this action. The Report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

**II.     THE REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made; and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 30, 2005, and Defendants filed their objections on October 10, 2005. Subsequently, on October 21, 2005, Plaintiff filed his objections, and, on December 20, 2005, he filed an Addition to Evidence in Plaintiff's Case.

**III.    OBJECTIONS**

*A.    Defendants' objections*

The Court has carefully considered Defendants' objections but finds them to be without merit. Simply stated, and as observed by the Magistrate Judge, "there exists a genuine issue of material fact as to whether [Defendant Hipp's] conduct constituted deliberate indifference to the plaintiff's medical condition." Report at 9. Hence, summary judgment as to Defendant Hipp is inappropriate at this stage.

*B.    Plaintiff's objections*

The Court has carefully weighed Plaintiff's request for an injunction as it applies to Defendant Thompson, but finds that the granting of such a request would be improper. Moreover, the Court has reviewed Plaintiff's objections regarding Defendant Fox, including the attachments to

his objections and the Addition to Evidence in Plaintiff's Case, but is unpersuaded that the Magistrate Judge erred in her ultimate recommendation. Simply stated, Plaintiff's failure to establish that the conduct complained of here is widespread, or at least that the conduct has occurred on several different occasions, is fatal to Plaintiff's claims against Defendant Fox. Therefore, for the reasons set forth in the Report, Defendants' Motion for Summary Judgment as to Defendant Fox will be granted.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules the parties' objections and, to the extent that the Report does not contradict with this Order, adopts the Report and incorporates it herein. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Defendant Thompson and Defendant Fox, **DENIES** Defendants' Motion for Summary Judgment as to Defendant Hipp, and **GRANTS** Plaintiff's Motion for Reconsideration of his Motion for Appointment of Counsel. The Court will appoint counsel for Plaintiff within twenty (20) days of the filing of this Order.

**IT IS SO ORDERED.**

Signed this 13th day of January, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.